UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RODGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02859-JMS-TAB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Christopher Rodgers has filed a petition for a writ of habeas corpus challenging his conviction for murder under Indiana Case No. 49G05-1306-MR-42089. The respondent has filed a motion to dismiss, arguing that Mr. Rodgers has not exhausted his state court remedies. Mr. Rodgers has filed a motion to stay the proceedings and hold the petition in abeyance while he returns to state court to exhaust his claims. For the reasons explained below, the motion to dismiss is **GRANTED**, the motion to stay the proceedings and hold the petition in abeyance is **DENIED**, and the petition is **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability shall not issue.

**I.**
**BACKGROUND**

On March 24, 2014, Mr. Rodgers pleaded guilty to one count of murder IN Indiana Case No. 49G05-1306-MR-42089. Dkt. 7-1, p. 3. On May 23, 2014, the trial court sentenced him to serve 45 years in the Indiana Department of Correction. *Id.* at 4. Mr. Rodgers did not pursue a direct appeal of his conviction or sentence in state court. Dkt. 2, p. 2.

On January 21, 2015, Mr. Rodgers filed a petition for post-conviction relief under Indiana Case No. 49G05-1501-PC-3238. Dkt. 7-2, p. 1. On March 2, 2016, the post-conviction court granted his motion to withdraw the petition. *Id.* at 5.

On March 23, 2016, Mr. Rodgers filed a second petition for post-conviction relief under Indiana Case No. 49G05-1604-PC-14456. Dkt. 7-3, p. 1. The post-conviction court held an evidentiary hearing on the petition on January 16, 2019. *Id.* at 7-8. Mr. Rodgers filed his proposed findings of fact and conclusions of law on July 30, 2019. *Id.* at 8. The state subsequently filed four motions for extensions of time to file its proposed findings of fact and conclusions of law, all of which were granted *Id.* at 8-10. The state's last motion for an extension of time was granted on September 29, 2020, and the state's deadline was extended to January 15, 2021. *Id.* at 10.

On January 15, 2021, the state filed its proposed findings of fact and conclusions of law. *See* Indiana Case No. 49G05-1604-PC-14456. On January 21, 2021, the post-conviction court denied Mr. Rodger's petition for post-conviction relief. *Id.*

While the post-conviction petition was still pending, in October 2020, Mr. Rodgers filed the instant petition for a writ of habeas corpus. Dkt. 2. He argued that the Court should excuse his failure to exhaust state court remedies because the post-conviction proceedings had encountered an inordinate and unjustifiable delay as a result of the state's repeated motions for extensions of time. Dkt. 3. On November 17, 2020, the Court issued an Order directing the respondent to show cause why the petition should not be granted. Dkt. 5. On December 29, 2020, the respondent filed a motion to dismiss the petition, arguing that the Court should not excuse Mr. Rodgers' failure to exhaust. Dkt. 7. On January 20, 2021, Mr. Rodgers asked the Court to stay the proceedings and hold the petition in abeyance while he returns to state court to exhaust his state court remedies. Dkt. 9.

## II.
## LEGAL STANDARD

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A).

"Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1993). Where a delay of state court proceedings has been resolved, the impediment to exhaustion is removed, and "the comity concerns underlying the exhaustion requirement compel the federal courts to allow the state litigation to run its course." *Monegain v. Carlton*, 576 F. App'x 598, 602 (7th Cir. 2014).

Federal habeas courts have the authority to stay the proceedings and hold the petition in abeyance to allow the petitioner an opportunity to return to state court to exhaust his claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Stay and abeyance should be used only in limited circumstances, where there was good cause to excuse the failure to exhaust and where the unexhausted claims may have some merit. *Id.* The purpose of this procedure is to shield a good faith petitioner from the consequences of AEDPA's 1-year period of limitations. *Id.* at 275.

## III.
## DISCUSSION

At the time Mr. Rodgers filed his habeas petition, the proceedings in state court had been frozen for more than a year. The state's deadline to file its proposed findings of fact and conclusions of law was still months away, and it was not clear whether the state would ask for yet another

extension of time to submit this filing. After the respondent filed a motion to dismiss the petition, arguing that the delay in post-conviction proceedings was neither inordinate nor unjustifiable, the state submitted its proposed findings of fact and conclusions of law, and the post-conviction court denied Mr. Rodgers' petition. Because the impediment to exhaustion has been removed, Mr. Rodgers must return to state court and exhaust his state court remedies.

Mr. Rodgers' motion to stay the proceedings and hold the petition in abeyance implicitly concedes this point. Rather than dismiss the petition without prejudice, he asks the Court to keep the action open while he presents his claims to the Indiana Court of Appeals and Supreme Court. However, the purpose of the stay and abeyance procedure is to shield a good faith petitioner from AEDPA's one-year period of limitations. Mr. Rodgers has not yet come up against this deadline. Dismissing the action while he continues to litigate his claims in state court will not prejudice his ability to later file a timely federal habeas petition. *See Carpenter v. Douma*, 840 F.3d 867, 869 (7th Cir. 2016) (AEDPA's one-year period of limitations is statutorily tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending") (quoting 28 U.S.C. § 2244(d)(2)). Accordingly, the motion to dismiss is **GRANTED**, and the motion to stay the proceedings and hold the petition in abeyance is **DENIED**.

## IV.
## CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of

appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because reasonable jurists would all agree that Mr. Rodgers' petition should be dismissed without prejudice for failure to exhaust his state court remedies, a certificate of appealability is **DENIED**.

## V.
## CONCLUSION

For the reasons explained above, the respondent's motion to dismiss, dkt. [7], is **GRANTED**. Mr. Rodgers' motion to stay the proceedings and hold the petition in abeyance, dkt. [9], is **DENIED**. The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability shall not issue.

**IT IS SO ORDERED**.

Date: 2/18/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

5

Distribution:

CHRISTOPHER RODGERS
245615
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov